## Groff v. Cushmore.

*Charles W. Eaby*, for motion.
*George T. Hambright* and *John E. Malone*, contra.

LANDIS, P. J., Jan. 18, 1930.—On Dec. 1, 1928, the plaintiff brought this suit against the defendant, and on July 23, 1929, he filed his statement of claim. It was served on defendant's attorney the same day. On Oct. 11, 1929, the defendant, without leave of court, filed an affidavit of defense, to which was attached a counter-claim. Thereupon the plaintiff moved to strike off the counter-claim, first, because a separate suit had prior thereto been brought upon it; and, second, because the counter-claim was filed in a suit brought before the passage of the Act of April 4, 1929, P. L. 140.

In the case of Mount Joy Paper Box Co., Inc., *v.* Kerin, May Term, 1929, No. 91, *supra*, in which we have at some length discussed the right to file affidavits of defense under the Act of May 14, 1915, P. L. 483, we have decided that an affidavit of defense in an action of trespass could not be filed after fifteen days from the time of service without leave of court, and for that reason we struck off the affidavit of defense and the counter-claim. The same reason applies with like effect in this case. The defendant, having allowed the fifteen days to pass, had no right to file an affidavit of defense and counter-claim without leave of court, even if the objection that the suit had been brought prior to the passage of the Act of 1929 was not sustained. We must, therefore, strike them off.

It may, however, be argued that the plaintiff's objections do not rest upon the ground that the affidavit of defense was filed too late. This, however, we think, makes no difference if the pleadings are incorrect. Section 21 of the Act of 1915 provides that "the court, upon motion, may strike from the record a pleading which does not conform to the provisions of this act and may allow an amendment or a new pleading to be filed upon such terms as it may direct."

As, then, the affidavit of defense and counter-claim were thus filed, as above stated, we strike them off. Much loose practice has arisen on the subject of pleadings in this court, and it is quite time that it be corrected.

Motion sustained and affidavit of defense and counter-claim stricken off.

From George Ross Eshleman, Lancaster, Pa.

NOTE.—See preceding case.